No. 25-5320

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

MAKE THE ROAD N.Y.,
*Appellee,*

v.

MARKWAYNE MULLIN, in his official capacity as
Secretary of Homeland Security, *et al.*,
*Appellants.*

On Appeal from the U.S. District Court
for the District of Columbia
No. 1:25-cv-00190 (Cobb, J.)

**THIRD APPLICATION FOR A STAY OF THE DISTRICT
COURT'S 5 U.S.C. § 705 STAY, OR ALTERNATIVE
APPLICATION FOR EXPEDITED ISSUANCE OF MANDATE**

CAROLINE McGUIRE
*Senior Litigation Counsel*
ELISSA P. FUDIM
JOSEPH McCARTER
*Trial Attorneys*
U.S. Department of Justice,
Civil Division
Office of Immigration Litigation
General Litigation & Appeals
P.O. Box 878, Ben Franklin
Station
Washington, DC 20044

BRETT A. SHUMATE
*Assistant Attorney General*
DREW C. ENSIGN
*Deputy Assistant Attorney General*
TYLER J. BECKER
*Counsel to the Assistant Attorney
General*
U.S. Department of Justice,
Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 514-2000

Appellants respectfully request expansion of the current partial stay pending appeal of the district court's August 29, 2025, 5 U.S.C. § 705 stay, into a full stay pending appeal pursuant to Federal Rules of Appellate Procedure 8 and 27 and D.C. Circuit Rule 8. Alternatively, Appellants respectfully request that the Clerk of the Court immediately issue the mandate pursuant to Federal Rules of Appellate Procedure 41(b) and D.C. Circuit Rule 41.

On June 23, 2026, this Court held that Appellee Make the Road is unlikely to succeed on its claim that the 2025 Designation and the Huffman Memorandum violate Due Process. *Make the Rd. New York v. Mullin*, No. 25-5320, ___F.4th___, 2026 WL 1792978, at *13 (D.C. Cir. June 23, 2026) (hereinafter, "Op."). Accordingly, the Court vacated the district court's 5 U.S.C. § 705 stay order as explained in the Court's opinion. However, the Court ordered the Clerk to "withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc." Order, *Make the Road, v. Mullin, et al.*, 25-5320 (D.C. Cir. June 23, 2026). Appellee has forty-five days after entry of judgment (or of an amended decision) to file a rehearing application. FED. R. APP. P. 40(d)(1). If the district court's stay

0

remains in effect pending resolution of a potential rehearing en banc, the Government's irreparable harm will continue. Accordingly, Appellants move for full stay of the district court's stay order pending issuance of the mandate and any potential rehearing en banc. Appellee Make the Road opposes this application.

Appellants previously moved for a stay pending appeal in the district court on September 2, 2025, Dkt. 67, which the court denied. Dkt. 70. Subsequently, on September 9, 2025, Appellants renewed that request in this Court. Several months later, this Court granted that request, "to the extent that the district court's order required any changes to the procedures for determining credible fear of harm upon removal for those individuals who qualify for expedited removal." *Make the Rd. New York v. Noem*, No. 25-5320, 2025 WL 3563313, at *1 (D.C. Cir. Nov. 22, 2025). However, the remainder of the district court's stay—which prevents the Government from placing into expedited removal aliens apprehended more than 100 miles from the border or who have been continuously present for at least 14 days but less than two years—remains in place. *Id.* Now that the Government has prevailed on the merits, it should remain in place no longer.

The Government has clearly met the standard for a stay. A stay applicant must show that (1) it "is likely to succeed on the merits," (2) it "will be irreparably injured absent a stay," (3) a stay will not "substantially injure" other interested parties, and (4) a stay is in the "public interest." *Nken v. Holder*, 556 U.S. 418, 434 (2009). This Court's decision has already answered these questions in the Government's favor. Op. at *13.

First, this Court determined that Appellee is unlikely to succeed on its claim that the 2025 Designation and Huffman Memorandum violate due process. Op. at **13-18. This Court further determined that the expedited removal procedures underlying those decisional documents satisfy due process under *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). Op. at **13-14. Those subject to expedited removal under the 2025 Designation are provided notice of the proceedings and afforded "'sufficient time and information to reasonably be able to contact counsel, file a petition, and pursue appropriate relief.'" *Id.* at *14 (citing *A.A.R.P. v. Trump*, 605 U.S. 91, 95 (2025)). This Court further found "[t]here is no evidence that the Designation or Huffman Memorandum secretly restricts the right to notice and an opportunity to respond, that

2

they command officers to withhold information, that they prohibit aliens from raising continuous presence or any other defense, or that they limit the time or opportunity afforded to aliens after a removal order issues." *Id.* In short, this Court has already found that the Government is likely to prevail on the merits.

Second, the Government will be irreparably injured absent a stay. Given the surge of "countless millions" of illegal aliens who entered the United States undetected over recent years, the Government expanded expedited removal to the maximum extent allowable under law. Brief of Appellant at 57-58, *Make the Road v. Mullin, et al.*, No. 25-5320 (D.C. Cir. Oct. 20, 2025). But the 2025 Designation, which applies to aliens *with less than two-years of continuous presence* prior to the date of the determination of inadmissibility, has been stayed since August 29, 2025. That timing is significant: the Department has been unable to deploy the 2025 Designation to apply "expedited removal to hundreds of thousands, or even millions, of recently-arrived inadmissible aliens," for approximately ten months. *Id.* at 57 (*citing* JA-41). Because expedited removal under the 2025 Designation applies only to aliens with less than two years of continuous presence, the Department has lost the

3

opportunity to expeditiously remove hundreds of thousands of unlawfully present aliens throughout the pendency of the district court's stay. *See id.* at 58 ("Since January 2025, "[n]early thirty-thousand aliens have been removed using expedited-removal[,]" "including many who have serious criminal records.") (citing Castano Decl. ¶10). Indeed, expedited removal is an "indispensable tool allowing for the prompt removal of hundreds of thousands of aliens with no right to remain in the country and channels those aliens to an already overburdened § 240 system suffering a historic 'backlog' with over six million pending cases." *Id.* Absent a stay, the Government's harm, as articulated throughout this litigation, will compound and the Government will be irreparably injured. *See* Op. at *13 ("[T]he Government is harmed by an improper intrusion by a federal court into the workings of a coordinate branch of the Government.") (internal quotations omitted).

Third, Appellee, and its members, by contrast, will suffer no injury. The 2025 Designation and Huffman Memorandum comply with due process, and as this Court noted, lawful removal does not injure Appellee's members. Op. at *13 (citing *Nken*, 556 U.S. at 435). Furthermore, a stay will not prejudice Appellee's ability to seek

4

rehearing. *See Nken*, 556 U.S. at 429 (explaining that a stay is a "historic procedure for preserving rights during the pendency of an appeal, but also a means of ensuring that appellate courts can responsibly fulfill their role in the judicial process") (quotation and citation omitted).

Fourth, a stay is in the public interest. "[W]hen removal is lawful, the public has an 'interest in prompt execution of removal orders.'" Op. at 13 (quoting *Nken*, 556 U.S. at 436). Accordingly, the Government respectfully requests that the Court stay the remainder of the district court's stay pending issuance of the mandate and any possible rehearing en banc, so that the Department of Homeland Security may begin re-implementing the 2025 Designation. *See Nat'l Treasury Emps. Union v. Trump*, No. 25-5157, 2025 WL 1441563, at *3 (D.C. Cir. May 16, 2025) (issuing a stay pending appeal where the Government met the *Nken* factors).

In the alternative, the Government respectfully requests that the Court expedite issuance of the mandate for the reasons set forth above. *See* FED. R. APP. P. 41(b). Pursuant to Federal Rule of Appellate Procedure 41(b), this Court "may shorten … the time" to issue the mandate "by order." And as explained *supra*, the continuation of the 5

U.S.C. § 705 stay irreparably harms the Government by inhibiting it from applying expedited removal to aliens covered by the 2025 Designation. Likewise, this Court has already found that Appellee is unlikely to succeed on the merits of its due process claim, Op. at **13-18, which was the district court's sole basis for issuing the 5 U.S.C. § 705 stay. JA-017. Finally, while Appellee may elect to seek further review, the Government should not be further delayed in deploying the 2025 Designation as part of its immigration agenda—particularly, as en banc review is "rarely granted," *see* D.C. Circuit Handbook of Practice and Internal Procedures § XIII(B)(2), and is "not favored." D.C. Cir. Rule 40(a). The Government would not object to specifically preserving Appellee's right to seek rehearing notwithstanding issuance of the mandate. Thus, the Government respectfully requests that this Court expedite the issuance of the mandate, in the alternative.

6

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court stay the district court's 5 U.S.C. § 705 stay pending issuance of the mandate or, in the alternative, issue the mandate forthwith.

Respectfully submitted,

CAROLINE McGUIRE
*Senior Litigation Counsel*

ELISSA P. FUDIM
JOSEPH MCCARTER
*Trial Attorneys*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, DC 20044

BRETT A. SHUMATE
*Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

/s/ *Tyler J. Becker*
TYLER J. BECKER
*Counsel to the Assistant Attorney General*
tyler.becker@usdoj.gov
(202) 514-2000
U.S. Department of Justice, Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530

Dated: June 26, 2026

7

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because:

1. This brief contains 1,411 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 27(a)(2)(B) and D.C. Circuit Rule 27(a)(2)(B).

2. The brief complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) and D.C. Circuit Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Century Schoolbook font.

/s/ *Tyler J. Becker*
Tyler J. Becker

Dated: June 26, 2026          Attorney for Appellants

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2026, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ *Tyler J. Becker*
Tyler J. Becker

Dated:  June 26, 2026                Attorney for Appellants