No. 25-05320

# United States Court of Appeals

## for the

## District of Columbia Circuit

_____

MAKE THE ROAD NEW YORK, et al.,

*Plaintiffs-Appellees*

v.

MARKWAYNE MULLIN, et al.,

*Defendants-Appellants*

_____

On Appeal from the United States District Court for the District of Columbia
Case No. 1:25-cv-190-JMC (Hon. Jia M. Cobb)

_____

**APPELLEE'S OPPOSITION TO APPELLANTS' THIRD APPLICATION FOR A STAY PENDING APPEAL AND ALTERNATIVE APPLICATION FOR EXPEDITED ISSUANCE OF MANDATE**

_____

Morgan Russell
Hannah Steinberg
Michael K.T. Tan
Cody Wofsy
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
*mrussell@aclu.org*
*hsteinberg@aclu.org*
*m.tan@aclu.org*
*cwofsy@aclu.org*

Lucia Goin
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
915 15th Street NW
Washington, DC 20005
(212) 549-2500
*lgoin@aclu.org*

Amy Belsher
Robert Hodgson
NEW YORK CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St., 19th Floor
New York, NY 10004
(212) 607-3300
*abelsher@nyclu.org*
*rhodgson@nyclu.org*

Anand Balakrishnan
*Counsel of Record*
Sidra Mahfooz
Grace Choi
Omar C. Jadwat
Lee Gelernt
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
*abalakrishnan@aclu.org*
*smahfooz@aclu.org*
*gchoi@aclu.org*
*ojadwat@aclu.org*
*lgelernt@aclu.org*

Arthur B. Spitzer
Aditi Shah
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF THE DISTRICT OF
COLUMBIA
529 14th Street, NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
*aspitzer@acludc.org*
*ashah@acludc.org*

*Attorneys for Plaintiffs-Appellees*

## INTRODUCTION

The government's request to expedite the mandate and its latest application to enlarge the stay pending appeal should be denied.

Appellee Make the Road New York intends to timely seek rehearing en banc of the merits panel opinion. There is now a division among the judges of this Court on the significant issue at the core of this appeal: whether the challenged directives violate due process because they do not provide for notice to noncitizens that they cannot be subjected to expedited removal if they can show two years of continuous presence in the United States and because they fail to provide a reasonable opportunity to make that showing. The district court concluded that the directives are unlawful and three judges of this Court have agreed to date, while two have disagreed.

The government's position is essentially that, because the merits panel agreed with its position, the motions panel's considered disposition as to a stay pending appeal should be set aside before the full Court can consider rehearing en banc. That position amounts to a per se exception from the rules of appellate procedure whenever the government prevails before a merits panel. This Court should reject such a rule, particularly given the division of judicial opinions in this case and need to allow the en banc Court the opportunity for review.

1

## I.   The Court Should Not Expedite the Mandate.

The government has not shown "good cause" to expedite issuance of the mandate. *See* D.C. Circuit R. 41(a)(1). At bottom, the government's position is that a merits decision in its favor is in and of itself "good cause." But if that were the case, there would be no need for the Court's rule. *Cf. Tennessee Gas Pipeline Co. v. F.E.R.C.*, 969 F.2d 1141, 1145 (D.C. Cir. 1992) (rejecting interpretation of good-cause exception that would swallow the rule).

This Court's "normal" practice of issuing the mandate only after "allowing petitions for rehearing" makes sense. *W. Power Trading Forum v. FERC*, 245 F.3d 798, 801 (D.C. Cir. 2001). If a petition is filed, the mandate is stayed to give the panel or the en banc Court time to consider it. And if the petition is denied, the mandate is stayed an additional seven days. Fed. R. App. P. 41(b); Circuit R. 41(a)(1). "That seven-day post-denial period is a vital one," as it "gives counsel just enough time to prepare and file a motion for a stay." Wright & Miller, 16AA Fed. Prac. & Proc. Juris. § 3987 (5th ed.). The ordinary rules governing the mandate thus create an orderly process that ensures the losing party a fair opportunity to seek further review.

Given the important interests that this procedure serves, expediting the mandate is inappropriate if there is a reasonable likelihood of further review. *E.g., Gomez v. United States*, 140 F.4th 49, 59 n.4 (2d Cir. 2025); *Johnson v. Bechtel*

*Assocs. Pro. Corp., D.C.*, 801 F.2d 412, 415 (D.C. Cir. 1986). Here, there is a substantial likelihood of en banc review because a majority of the members of this Court who have considered the case have agreed with appellee and the district court that the challenged policies violate due process.

In a statement accompanying the motions panel's denial of the government's first request for a stay pending appeal, Judges Millett and Childs explained that the government "must afford detained persons notice and some reasonable opportunity to the meet [their] burden" to show two years of continuous presence in the United States. *Make the Road N.Y. v. Noem*, No. 25-5320, 2025 WL 3563313, at *26 (D.C. Cir. Nov. 22, 2025). The motions panel specifically rejected the government's position that "there is no constitutional requirement to affirmatively inform every [noncitizen] of [this] defense to expedited removal," concluding that the government "cannot erase explicit statutory limits on its removal power" by "doing nothing on its end to ensure compliance with that restriction on its power." *Id.* at *28 (cleaned up). Judge Rao dissented on threshold and remedial grounds. *Id.* at *37–45 (Rao, J., dissenting).

The merits panel reached a contrary conclusion, adopting the government's theory that due process does not require it to provide any notice of the key continuous presence limitation because it constitutes merely an "available defense." *Make the Road N.Y. v. Mullin*, No. 25-5320, 2026 WL 1792978, at *15-16 (D.C. Cir. June 23,

2026). Judge Wilkins dissented on that issue. *Id.* at *25-28 (Wilkins, J., concurring in part and dissenting in part). Like Judges Millett and Childs, he concluded that the challenged policies fail to provide adequate notice or "a meaningful opportunity for noncitizens to demonstrate that they have been continuously present in the United States for two years." *Id.* at *25.

The issue that has divided this Court is "one of exceptional importance." *See* Fed. R. App. P. 40(b)(2)(D), (c). It concerns the due process rights of millions of noncitizens at risk of being erroneously subjected to expedited removal despite being present for at least two years. And it is a question that this Court of Appeals alone can review. *See* 8 U.S.C. § 1252(e)(3)(A) (placing review of expedited removal directives solely in the United States District Court for the District of Columbia).[1]

## II.    The Court Should Again Decline the Government's Request for Reconsideration of the Scope of the Stay Pending Appeal.

The Court should also deny the government's renewed request for a full stay pending appeal. First, this latest stay request amounts to a second untimely and unjustified appeal for reconsideration of the motions panel's disposition of the government's original stay application last year.

---

[1] The government states that it "would not object to" the Court issuing the mandate only to recall it if a petition for rehearing is granted. *See* Application at 6. The government therefore appears to recognize that this appeal will not actually conclude until the en banc Court resolves appellee's forthcoming petition. And requiring recall of the mandate to consider that petition would be an unnecessary and unjustified departure from the normal course.

A motions panel's ruling on a stay pending appeal normally determines the status quo through issuance of the mandate absent timely further review of the motions panel order.[2] The government's position is that because the merits panel has now ruled in its favor, the district court's order should be stayed in full. *See* Application at 1–3. But that simply amounts to another attempt to circumvent both the mandate rule and the motions panel's order.

In denying the government's *second* motion for a stay pending appeal, this Court reasoned that the "special [motions] panel granted in part and denied in part the *initial* motion for a stay pending appeal" and "explained its decision in a thorough opinion," but "[a]ppellants did not seek panel rehearing, 'the ordinary means of reconsidering a panel decision' or rehearing en banc." Order, *Make the Road N.Y. v. Noem*, No. 25-5320 (D.C. Cir. Mar. 9, 2026) (emphasis added) (quoting Fed. R. App. P. 40(a)). That same reasoning defeats the government's latest, even more untimely attempt to seek reconsideration of the motions panel's original order.

---

[2] *E.g.*, *Space Expl. Techs., Corp. v. Nat'l Lab. Rels. Bd.*, 129 F.4th 906, 909 (5th Cir. 2025); *Reyna v. Int'l Bank of Com.*, 839 F.3d 373, 379 (5th Cir. 2016); *Bevis v. City of Naperville, Ill.*, 85 F.4th 1175, 1203 (7th Cir. 2023); *Perry v. Brown*, 671 F.3d 1052, 1096 n.27 (9th Cir. 2012), *vacated and remanded on other grounds*, *Hollingsworth v. Perry*, 570 U.S. 693 (2013); *Razkane v. Holder*, 562 F.3d 1283, 1289 (10th Cir. 2009); *Loc. Lodge 2144, Bhd. of Ry., Airline & S.S. Clerks, Freight Handlers, Express & Station Emp. v. Ry. Express Agency, Inc.*, 409 F.2d 312, 319 (2d Cir. 1969).

Second, just as when the Court denied appellants' second stay motion, it also remains true now that appellants have not "'demonstrated that circumstances have changed' or provided any other appropriate reason for revisiting the motions panel's decision." Order, *Make the Road N.Y. v. Noem*, No. 25-5320 (D.C. Cir. Mar. 9, 2026) (quoting Order, *U.S. Inst. of Peace v. Jackson*, No. 25-5185 (D.C. Cir. Nov. 26, 2025) (per curiam)). As in its first and second stay motions, the government's assertions of harm remain "vague and speculative." *Make the Road N.Y. v. Noem*, No. 25-5320, 2025 WL 3563313, at *32 (D.C. Cir. Nov. 22, 2025). Here again, the government broadly asserts that expedited removal can decrease the costs and time of removal, but it makes no attempt to specify the purported impact of the specific policies at issue, which can only lawfully be applied to people present for less than two years but more than fourteen days. *Compare* Application at 3–4 *with* Appellants' Emergency Motion for an Administrative Stay and a Stay Pending Appeal 25 (Sept. 9, 2025), *and* Appellants' Renewed Emergency Motion for a Stay Pending Appeal 24–25 (Jan. 29, 2026).

Meanwhile, the existing partial stay pending appeal maintains a status quo that has existed for decades. *Make the Road N.Y. v. Noem*, No. 25-5320, 2025 WL 3563313, at *32. Fully staying the district court's order before appellee can seek en banc review would irreparably harm its members at risk of summary removal within a matter of hours or days under constitutionally inadequate procedures. *See id.* at

6

*33. And there is a strong public interest avoiding erroneous removals pursuant to unconstitutional procedures. *Id*.

<h3 style="text-align:center">CONCLUSION</h3>

The Court should deny appellants' application.

Dated: July 6, 2026                    Respectfully submitted,

Morgan Russell                         */s/ Anand Balakrishnan*
Hannah Steinberg                       Anand Balakrishnan
Michael K.T. Tan                       *Counsel of Record*
Cody Wofsy                             Sidra Mahfooz
American Civil Liberties Union         Grace Choi
Foundation                             Omar C. Jadwat
Immigrants' Rights Project             Lee Gelernt
425 California Street, Suite 700       American Civil Liberties Union
San Francisco, CA 94104                Foundation
(415) 343-0770                         Immigrants' Rights Project
*mrussell@aclu.org*                    125 Broad Street, 18th Floor
*hsteinberg@aclu.org*                  New York, NY 10004
*m.tan@aclu.org*                       (212) 549-2660
*cwofsy@aclu.org*                      *abalakrishnan@aclu.org*
                                       *smahfooz@aclu.org*
Lucia Goin                             *gchoi@aclu.org*
American Civil Liberties Union         *ojadwat@aclu.org*
Foundation                             *lgelernt@aclu.org*
Immigrants' Rights Project
915 15th Street NW                     Arthur B. Spitzer
Washington, DC 20005                   Aditi Shah
(212) 549-2500                         American Civil Liberties Union
*lgoin@aclu.org*                       Foundation of the District of Columbia
                                       529 14th Street, NW, Suite 722
Amy Belsher                            Washington, D.C. 20045
Robert Hodgson                         (202) 457-0800

7

New York Civil Liberties Union
Foundation
125 Broad St., 19th Floor
New York, NY 10004
(212) 607-3300
*abelsher@nyclu.org*
*rhodgson@nyclu.org*

*aspitzer@acludc.org*
*ashah@acludc.org*

*Attorneys for Plaintiffs-Appellees*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 27(d)(2)(A), I hereby certify that the preceding document complies with the type-volume limitation of the Rules, containing 1,562 words, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f). I further certify that the document complies with the typeface requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365, in 14-point Times New Roman font.

*/s/ Anand Balakrishnan*
Anand Balakrishnan
American Civil Liberties Union Foundation
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
*abalakrishnan@aclu.org*

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2026, I caused this document to be filed through the ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Anand Balakrishnan*
Anand Balakrishnan
American Civil Liberties Union Foundation
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
*abalakrishnan@aclu.org*

10