**No. 25-5320**

---

# IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

MAKE THE ROAD NEW YORK,
*Appellee*,

v.

MARKWAYNE MULLIN, in his official capacity as
Secretary of Homeland Security, *et al.*,
*Appellants.*

---

On Appeal from the U.S. District Court
for the District of Columbia
No. 1:25-cv-00190 (Cobb, J.)

---

## REPLY IN SUPPORT OF THIRD STAY APPLICATION OF THE DISTRICT COURT'S 5 U.S.C. § 705 STAY, OR ALTERNATIVE APPLICATION FOR EXPEDITED ISSUANCE OF MANDATE

---

CAROLINE McGUIRE
*Senior Litigation Counsel*
ELISSA P. FUDIM
JOSEPH McCARTER
*Trial Attorneys*
U.S. Department of Justice,
Civil Division
Office of Immigration Litigation
General Litigation & Appeals
P.O. Box 878, Ben Franklin
Station
Washington, DC 20044

BRETT A. SHUMATE
*Assistant Attorney General*
DREW C. ENSIGN
*Deputy Assistant Attorney General*
TYLER J. BECKER
*Counsel to the Assistant Attorney General*
U.S. Department of Justice,
Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 514-2000

**REPLY**

Appellee Make the Road has not offered any argument that warrants denial of the Government's request for an expanded stay and/or alternate request for expedited issuance of the mandate.

1. The Government has clearly met the requirements for a stay under *Nken v. Holder*, 556 U.S. 418, 434 (2009). *See* Gov't. Mot. at 2-5. Tellingly, Appellee does not engage with that standard in its opposition, much less argue that the Government has failed to meet it. *See generally* Appellee Opp., No. 25-5320 (D.C. Cir. July 6, 2026) (hereinafter, "Opp."). Indeed, Appellee does not even address the Government's stay motion until page four of its opposition, instead choosing to first address the relief the Government sought in the *alternative*. The reason is clear: Appellee knows its substantive arguments against a stay are weak.

Appellee's first and primary argument challenging the Government's stay request is *procedural*. Appellee contends that the Government's stay request is "untimely" because it is a "motion for reconsideration" subject to the time constraints in Fed. R. App. P. 40. Opp. at 5. Not so. The Government's motion is not a petition for rehearing, nor did it need to seek that relief. The Government's motion is

1

a new stay request based on changed circumstances—*i.e.*, actual victory on the merits. This court has equitable discretion to revisit a stay application when circumstances change. *Cf.* Order, *U.S. Inst. of Peace v. Jackson*, No. 25-5185 (D.C. Cir. Nov. 26, 2025) (per curiam) (citing *Consolidated Edison Co. v. Federal Power Com.*, 511 F.2d 372, 378 (D.C. Cir. 1974) ("We believe that this court not only has equitable discretion to respond to changing circumstances but has a responsibility to take corrective action when its prior orders threaten to foster rather than forestall irreparable harm.").

Appellee's primary thrust is to contend that the Government has not demonstrated changed circumstances "or provided any other appropriate reason for revisiting the motions panel's decision." Opp. at 6. But that ignores the proverbial elephant in the room: this Court ruled in the Government's favor, on the merits, in a published opinion, following full briefing and oral argument. *Make the Rd. New York v. Mullin*, No. 25-5320, ___F.4th___, 2026 WL 1792978, at *13 (D.C. Cir. June 23, 2026).

While Appellee appears to accord equal weight to the motions panel decision as it does to the merits panel decision, *see* Opp. at 1, 3, that would be similar to comparing the score of a basketball game at the end

of the first quarter to the score when the game ends. But the two are not remotely equivalent in either instance: "Decisions by motions panels are summary in character, made often on a scanty record, and not entitled to the weight of a decision made after plenary submission." *Stifel, Nicolaus & Co. v. Woolsey & Co.*, 81 F.3d 1540, 1544 (10th Cir. 1996) (quoting *Johnson v. Burken*, 930 F.2d 1202, 1205 (7th Cir. 1991)). "[A] motions panel resolving a motion to stay is predicting the likelihood of success of the appeal whereas the merits panel is deciding the likelihood of success of the actual litigation." *Washington v. Trump*, No. 25-807, 2025 WL 553485, at *2 (9th Cir. Feb. 19, 2025) (Forrest, C.J., concurring) (internal quotations omitted).

Here, the question of the likelihood of success on appeal has already been answered. Conclusively: the merits panel ruled in the Government's favor. While Appellee may seek en banc review of the merits panel decision, unless and until such review is both granted and the full court overturns the merits panel, this Court's merits decision is judicial precedent with respect to subsequent panels. *McCants v. Alabama-W. Fla. Conf. of United Methodist Church, Inc.*, 372 F. App'x 39, 40 (11th Cir. 2010) ("A prior panel decision of this Court is binding on subsequent

3

panels and can be overturned only by the Court sitting en banc."); *Baker v. Gurfein*, 744 F. Supp. 2d 311, 317 n.3 (D.D.C. 2010) (explaining that a decision by a District of Columbia Circuit panel is binding on subsequent panels unless and until overturned by the circuit court en banc or the Court of Appeals issues a contradictory ruling) (collecting cases). Indeed, the words "success" or "succeed" tellingly never appear even a single time in Appellee's opposition.

Unable to muster any argument about likelihood of success on the merits, Appellee instead argues only that the Government's assertion of harm is "vague and speculative." Opp. at 6. That contention is false. The district court's stay inflicts severe consequences because it universally invalidates a vital immigration enforcement tool. Indeed, the merits panel explicitly recognized that the district court's stay inflicts harm upon the Government. *Make the Rd. New York*, 2026 WL 1792978, at \*5 ("[T]he Government is harmed by 'an improper intrusion by a federal court into the workings of a coordinate branch of the Government.'") (quoting *INS v. Legalization Assistance Project*, 510 U.S. 1301, 1305-06, (1993) (O'Connor J., in chambers)). As a result of the district court's order—which the merits panel concluded was legally erroneous—the

4

Government has already lost its opportunity to expeditiously remove hundreds of thousands of illegal aliens. Gov't. Mot. at 3-4. If the district court's stay remains in effect pending resolution of any potential rehearing en banc, the Government's irreparable harm will be compounded. And, more generally, it is black-letter law that "any time a [government] is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Trump v. CASA, Inc.*, 606 U.S. 831, 859–61 (2025) (quoting *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C. J., in chambers))). Appellee's contention that the government suffers no harm when a district court erroneously nullifies statutory authority duly enacted by Congress is constitutionally unserious.

By contrast, Appellee's members will suffer no harm. Appellee argues that its members are "at risk of summary removal within a matter of hours or days under constitutionally inadequate procedures," Opp. at 6, but the merits panel concluded that Appellee is unlikely to prevail on its claim that the Government's procedures are constitutionally inadequate. *Make the Rd. New York*, 2026 WL 1792978, at *14 ("There is no evidence that the Designation or Huffman Memorandum secretly

5

restricts the right to notice and an opportunity to respond, that they command officers to withhold information, that they prohibit aliens from raising continuous presence or any other defense, or that they limit the time or opportunity afforded to aliens after a removal order issues."). In sum, the narrow circumstances and specific facts of this case support the Government's instant stay request.

2. As set forth above, the Court should stay the district court's stay order pending final disposition of this appeal. But should it decline to do so, alternatively, this Court should expedite the issuance of the mandate. *See* Gov't. Mot. at 5-6. While Appellee contends (at 1) that the Government is seeking to carve out a "per se exception" to the "rules of appellate procedure whenever [it] prevails before a merits panel," that argument attacks a straw man. The Government is hardly seeking an "exception" that would apply in all cases, but rather one that is warranted by the unique circumstances of *this one.*

Each day, week and month that passes that the district court's stay remains in place, thousands of illegal aliens become ineligible for expedited removal under the statutory limits, 8 U.S.C. § 1225(b)(1), as implemented by the 2025 Designation. In other words, even though the

Government has prevailed on the merits in this case, by the time further proceedings are completely resolved, the Government will have lost its ability to expeditiously remove the hundreds of thousands of illegal aliens who were subject to expedited removal under the 2025 Designation at the outset of this litigation absent expedition of the mandate or a stay.

Federal Rule of Appellate Procedure 41(b) specifically allows the Court to "shorten . . . the time" for issuance of the mandate. Employing that authority here is hardly a "per se exception" to FRAP but rather a case-specific application of the authority that FRAP specifically grants to this Court. And such relief is appropriate here. A shortened time period for issuance of the mandate provides Appellee time to prepare a motion for en banc review while addressing the Government's continued harm.

## CONCLUSION

Accordingly, the Government respectfully requests that the Court stay the district court's 5 U.S.C. § 705 stay pending issuance of the mandate or, in the alternative, issue the mandate forthwith.[1]

Respectfully submitted,

CAROLINE McGUIRE
*Senior Litigation Counsel*

ELISSA P. FUDIM
JOSEPH MCCARTER
*Trial Attorneys*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, DC 20044

BRETT A. SHUMATE
*Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

/s/ *Tyler J. Becker*
TYLER J. BECKER
*Counsel to the Assistant Attorney General*
tyler.becker@usdoj.gov
(202) 514-2000
U.S. Department of Justice, Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530

Dated: July 9, 2026

---

[1] On July 6, 2026, counsel entered an appearance for Mary and John Doe and Make the Road New York in this Court. However, Mary and John Doe did not join Appellee's § 705 stay motion in district court, and are not otherwise part of this appeal. *See* JA-108 n.1; Merits Hear. Tr. 54:07-55:05 (clarifying to the Court that Mary and John Doe are not Make the Road members).

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because:

1. This reply memorandum contains 1,479 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 27(a)(2)(B) and D.C. Circuit Rule 27(a)(2)(B).

2. The reply memorandum complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) and D.C. Circuit Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Century Schoolbook font.

/s/ *Tyler J. Becker*
Tyler J. Becker

Dated: July 9, 2026                Attorney for Appellants

# CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2026, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ *Tyler J. Becker*
Tyler J. Becker

Dated: July 9, 2026    Attorney for Appellants