**No. 25-5320**

**IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**

MAKE THE ROAD NEW YORK ET AL.,
*Appellee*,
v.

MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, *et al.*,
*Appellants*.

On Appeal from the U.S. District Court
for the District of Columbia
No. 1:25-cv-00190 (Cobb, J.)

# APPELLANTS' RESPONSE TO APPELLEE'S PETITION FOR REHEARING EN BANC


CAROLINE McGUIRE
*Senior Litigation Counsel*
ELISSA P. FUDIM
JOSEPH McCARTER
*Trial Attorneys*
U.S. Department of Justice,
Civil Division
Office of Immigration Litigation
General Litigation & Appeals
P.O. Box 878, Ben Franklin Station
Washington, DC 20044

BRETT A. SHUMATE
*Assistant Attorney General*
DREW C. ENSIGN
*Deputy Assistant Attorney General*
TYLER J. BECKER
*Counsel to the Assistant Attorney General*
U.S. Department of Justice,
Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 514-2000

## TABLE OF CONTENTS

INTRODUCTION .......... 1

STANDARD OF REVIEW .......... 4

BACKGROUND .......... 5

ARGUMENT .......... 6

I. The Question Presented Assumes Answers to Several Antecedent Questions. .......... 6

II. The Panel's Opinion Does Not Conflict with *A.A.R.P.* .......... 11

III. The Petition Does Not Meet The "Exceptional Importance" Standard Warranting En Banc Review .......... 16

IV. Appellee's Request for Vacatur and Remand Is Irrelevant to the En Banc Inquiry. .......... 19

CONCLUSION .......... 21

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Cases**

*A.A.R.P. v. Trump*,
605 U.S. 91 (2025) .......... 2, 11, 13, 15

*Al-Bihani v. Obama*,
619 F.3d 1 (D.C. Cir. 2010) .......... 1, 7, 14

*Al-Hela v. Biden*,
66 F.4th 217 (D.C. Cir. 2023) .......... 10

*Bartlett v. Bowen*,
824 F.2d 1240 (D.C. Cir. 1987) .......... 4, 7, 17

*Boxer X v. Harris*,
459 F.3d 1114 (11th Cir. 2006) .......... 7

*Dep't of the Air Force*,
442 F. Supp. 2d 15 (D.C. Cir. 2006) .......... 19

*DHS v. Thuraissigiam*,
591 U.S. 103 (2020) .......... 9, 10

*Make the Road N.Y.* v. *Wolf*,
962 F.3d 612 (D.C. Cir. 2020) .......... 8, 9

*Make the Road New York v. Mullin*,
179 F.4th 16 (D.C. Cir. 2026) .......... 2, 7-10, 12, 14, 15, 18, 20

*Mullane v. Central Hanover Bank & Trust Co.*,
339 U.S. 306 (1950) .......... 2, 12

*Munaf v. Geren*,
553 U.S. 674 (2008) .......... 19

*Trump v. J.G.G.*,
604 U.S. 670 (2025) .......... 11

**Statutes**

8 U.S.C. § 1252(e)(3) .......... 8, 18

8 U.S.C. § 1182(a)(6)(C) .......... 5, 6

8 U.S.C. § 1182(a)(7) .......... 5, 6

**Rules**

D.C. Cir. Rule 40(a) .......... 4

FED. R. APP. P. 40(a) .......... 3

FED. R. APP. P. 40(b)(2)(A) .......... 4

FED. R. APP. P. 40(b)(2)(B) .......... 3

FED. R. APP. P. 40(b)(2)(B)-(D) .......... 5

FED. R. APP. P. 40(c) .......... 19

**Regulations**

8 C.F.R. §235.3(b)(2)(i) .......... 12, 13

90 Fed. Reg. 8139 (Jan. 24, 2025) .......... 5

## INTRODUCTION

Rehearing en banc is plainly unwarranted. The panel here faithfully applied this Court's and the Supreme Court's precedent. Appellee's bare disagreement with the panel's application of that precedent is not a basis for en banc rehearing. And the question presented by Appellee's petition assumes the en banc Court's agreement with several subsidiary questions involving both the reviewability of Appellee's claims and the application of the Due Process Clause to aliens who have never been admitted to the United States. The narrow question on which Appellee bases its petition does not warrant the extraordinary grant of en banc review, and the other reasons Appellee presents do not either.

In fact, the principal question Appellee asks this Court to decide en banc may not matter to the disposition of Appellee's case. This Court has previously rejected en banc review where "the panel's discussion of" the question presented by the petition was "not necessary to the disposition of the merits." *Al-Bihani v. Obama*, 619 F.3d 1, 1 (D.C. Cir. 2010) (statement of Sentelle, C.J., joined by Ginsburg, Henderson, Rogers, Tatel, Garland, and Griffith, JJ.). Yet here, Appellee asks the en banc

Court to decide whether expedited-removal procedures comply with the strictures of Supreme Court precedent. That question assumes this Court has jurisdiction to review those procedures and that aliens who have never been admitted to the United States have due-process protections beyond what Congress provides, contrary to the long-established entry fiction. In fact, a majority of the panel here acknowledged its disagreement with circuit precedent that enables judicial review. *See Make the Road New York v. Mullin ("Make the Road II")*, 179 F.4th 16, 26 n.4 (D.C. Cir. 2026); *id.* at 40-41 (Rao, J., concurring). Appellee omits these antecedent questions that would determine whether its proposed question would even impact the judgment here. Appellee's formulation thus creates a vehicle of their own making, not the one this Court would actually have to decide.

Even if the question on which Appellee frames its petition matters to the case, Appellee is merely seeking to correct the panel's purported misapplication of the Supreme Court's decision in *A.A.R.P. v. Trump*, 605 U.S. 91 (2025), which itself relied on the due-process standard established in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). At most, Appellee disagrees with the panel's application of

*A.A.R.P.* and *Mullane*, and mere disagreement with a panel's application of the law does not warrant en banc review. FED. R. APP. P. 40(a). Appellee would need to demonstrate that the panel's decision "conflicts" with Supreme Court precedent; the panel's decision here clearly does not, especially given that it applied that very precedent. *See* FED. R. APP. P. 40(b)(2)(B).

Appellee's alternate grounds for en banc review are equally unavailing. Appellee does not establish "exceptional importance" for the purposes of earning en banc review—its argument presupposes the panel wrongly decided that the 2025 Designation and Huffman Memorandum comport with the *Mullane* due process standard. But courts of appeals have recognized that collapsing the "exceptional importance" criterion for en banc review into a merits test does not warrant en banc rehearing. And even then, the narrow question presented in Appellee's petition may not even matter to the case, and thus would certainly not qualify as exceptionally important under the Federal Rules of Appellate Procedure. That is particularly true as Petitioners have yet to identify a *single* alien who was prejudiced by the allegedly insufficient procedures regarding the continuous-presence criterion.

The Government's document disclosures on appeal are irrelevant to whether this Court should grant rehearing en banc. Appellee does not even contend otherwise, and simply asks this Court to vacate the panel decision and remand to the district court even if the Court does not grant rehearing en banc. Regardless, the panel's decision is cabined to the documents challenged in this appeal.

This Court should deny Appellee's application.

## STANDARD OF REVIEW

Panel rehearing is the ordinary means of reconsidering a panel decision; rehearing en banc is "not favored," D.C. Cir. Rule 40(a) and "rarely granted," *see* <u>D.C. Circuit Handbook of Practice and Internal Procedures</u> § XIII(B)(2). "The decision to grant *en banc* consideration is unquestionably among the most serious non-merits determinations an appellate court can make[.]" *Bartlett v. Bowen*, 824 F.2d 1240, 1242 (D.C. Cir. 1987) (Edwards, J., concurring).

Rehearing en banc is generally granted only if the panel decision conflicts with a decision of this court, "and the full court's consideration is therefore necessary to secure or maintain uniformity of the court's decisions," FED. R. APP. P. 40(b)(2)(A), if the panel decision conflicts with

Supreme Court precedent, or with an authoritative decision of another court of appeals, or the case involves a question of exceptional importance. FED. R. APP. P. 40(b)(2)(B)-(D).

## BACKGROUND

The Secretary of Homeland Security (and earlier, the Attorney General and INS Commissioner) has designated aliens for expedited removal under §1225(b)(1)(A)(iii) on five occasions. Gov't Merits Br. 12-18.

**The 2025 Designation.** On January 24, 2025, the then-Acting Secretary published a Federal Register notice restoring the scope of expedited removal to "the fullest extent authorized by Congress." 90 Fed. Reg. 8139 (Jan. 24, 2025). The notice enabled DHS "to place in expedited removal … aliens determined to be inadmissible under [8 U.S.C. §§1182(a)(6)(C) or (a)(7)] who have not been admitted or paroled into the United States and who have not affirmatively shown, to the satisfaction of an immigration officer, that they have been physically present in the United States continuously for the two-year period immediately preceding" the inadmissibility determination. *Id.* at 8139-40. This Designation "enhance[s] national security and public safety—

while reducing government costs—by facilitating prompt immigration determinations" and "ensur[ing] the prompt removal" of "the large volume of [unlawfully present] aliens." *Id.* at 8139.

**The Huffman Memorandum.** The then-Acting Secretary of Homeland Security published an internal memorandum explaining "how to exercise enforcement discretion in implementing these policies." Memorandum from Benjamine C. Huffman, Acting Secretary to [Senior DHS Officials] re *Guidance Regarding How to Exercise Enforcement Discretion* (Jan. 23, 2025), https://perma.cc/W3CL-SNDN ("Huffman Memorandum"). The Huffman Memorandum instructs immigration enforcement to take "all steps necessary to review [an] alien's case" to evaluate and consider whether individuals should be placed into expedited removal. *Id.*

## ARGUMENT

### I. The Question Presented Assumes Answers to Several Antecedent Questions.

Appellee's petition does not address several antecedent questions that would need to be decided in its favor for the en banc Court to reverse the panel's holding and affirm the district court. Those questions were either assumed or decided in Appellee's favor by the panel, including due

to circuit precedent. The en banc Court would not be bound by those assumptions or prior holdings, and as a result it is unclear whether resolution of the question presented by Appellee's petition would even matter to the disposition of this case. That counsels against granting Appellee's petition. *See, e.g.*, *Al-Bihani*, 619 F.3d at 1 (statement of Sentelle, C.J.) (declining to grant rehearing en banc where the question presented "not necessary to the disposition of the merits"); *Bartlett*, 824 F.2d at 1244 (statement of Edwards, J.) (noting that rehearing en banc is appropriately denied where "the case does not present questions of real significance to the legal process as well as to the litigants") (citations omitted); *Boxer X v. Harris*, 459 F.3d 1114, 1114-15 (11th Cir. 2006) (Carnes, J., concurring in the denial of rehearing en banc) ("To be exceptionally important in a proceeding, an issue must at least matter to the outcome of that proceeding.").

a. The panel here assumed that Appellee's case was reviewable despite substantial arguments to the contrary. A majority of the panel disagreed with but faithfully applied this Court's precedent that makes expanded expedited-removal designations reviewable. *See Make the Road II*, 179 F.4th at 26 n.4; *id.* at 40-41 (Rao, J., concurring). The panel

noted that while "Section 1252 tightly restricts judicial review of expedited removal" and commits to the Secretary's "'sole and unreviewable discretion'" whether "to designate classes of aliens for expedited removal," this Court's precedent dictates that the Court had jurisdiction to review expedited-removal procedures under 8 U.S.C. §1252(e)(3). *Id.* at 25-26 (quoting 8 U.S.C. §1225(b)(1)(A)(iii)(I)).

First, under the INA, courts lack jurisdiction to review "any ... decision or action ... the authority for which is specified ... to be in the [Secretary's] discretion." 8 U.S.C. § 1252(a)(2)(B)(ii). The expansion of expedited removal is committed to the Secretary's "sole and unreviewable discretion," so there are substantial arguments that judicial review is barred. *Make the Road II*, 179 F.4th at 40 (Rao, J., concurring). Indeed, that is almost certainly the result that Congress intended by specifically using the word "*unreviewable*" and adding the modifier "*sole*."

Second, as Judge Rao noted here, "courts generally lack jurisdiction to review policies and procedures implementing expedited removal." *Id.* (citing 8 U.S.C. §1252(a)(2)(A)(iv)). The relevant exception applies only when "the challenge is brought in the context of an individual determination." *Make the Road N.Y. v. Wolf* ("*Make the Road I*"), 962

F.3d 612, 639 (D.C. Cir. 2020) (Rao, J., dissenting) (citing 8 U.S.C. §1252(a)(2)(A), (e)(3)(A)).

Nevertheless, a panel of this Court previously concluded that challenges to the expansion of expedited removal are reviewable to the extent they challenge whether the expansion complies with statutory and constitutional limits, but the Secretary's policy choice "whether to expand expedited removal" is not. *Id.* at 618, 623-31. The en banc court would not be bound by that holding, which itself would resolve Appellee's claims without reaching the question its rehearing petition presents.

b. The panel here also assumed the due process clause afforded more protections than what Congress prescribed. *Make the Road II*, 179 F.4th at 33 ("But even assuming … that the affected aliens have due-process rights, the due-process claim should be evaluated under the less demanding standard in *Mullane*") (citation omitted). By making that assumption and applying *Mullane*, the panel did not resolve whether the entry fiction, applied in the expedited-removal context only a few short years ago in in *DHS v. Thuraissigiam*, 591 U.S. 103, 139 (2020)—and its progeny apply here. Gov't Merits Br. 33-38, *Make the Road v. Mullin*, 25-5320 (D.C. Cir. Oct. 20, 2025) ("the due process rights of an alien seeking

initial entry" are no greater than "[w]hatever the procedure[s] authorized by Congress") (citing *Thuraissigiam*, 591 U.S. at 139). So, if this Court dispenses with the panel's application of *Mullane*, *Make the Road II*, 179 F.4th at 33-34, it must then decide what due process framework applies. That means deciding to what extent the entry fiction applies here.

This Court, sitting en banc, previously affirmed that the Government satisfied due process based on this Court's assumption that the Due Process Clause applied to the petitioner there. *Al-Hela v. Biden*, 66 F.4th 217, 221-22 (D.C. Cir. 2023) (en banc). This Court did so because assuming the Due Process Clause applied was the "narrower ground for decision," whereas a holding that the "Due Process Clause does not apply to Guantanamo detainees would resolve all potential future substantive and procedural due process claims against all such detainees." *Id.* at 226. Here, the *panel* assumed but did not decide that aliens who have never been admitted to the United States have due process rights beyond those provided by statute. *See Make the Road II*, 179 F.4th at 33. The panel thus already based its holding on a narrower constitutional ground, yet Appellee's petition—without acknowledgement—asks this Court to decide much larger constitutional questions. For example, if this Court

disagrees with the panel and holds that under *Mullane* the procedures provided to these aliens violate due process, the en banc court would need to consider the merits of the assumption the panel made, namely that these aliens have due process rights beyond those Congress provides by statute (which would be contrary to how *Thuraissigiam* resolved that very question). Again, Appellee's petition does not even mention this inquiry.

## II. The Panel's Opinion Does Not Conflict with *A.A.R.P.*

Even if the en banc Court reached the merits of the question Appellee presents, the panel's opinion does not conflict with Supreme Court precedent.

In *A.A.R.P.*, when a group of aliens raised a due process challenge to their imminent removal under the Alien Enemies Act, the Supreme Court reiterated its holding from *Trump v. J.G.G.*, 604 U.S. 670 (2025) (per curiam): "'AEA detainees must receive notice ... that they are subject to removal under the Act ... within a reasonable time and in such a manner as will allow them to actually seek habeas relief' before removal." *A.A.R.P.,* 605 U.S. at 95 (quoting *J.G.G.*, 604 U.S. at 673). In both *J.G.G.* and *A.A.R.P.*, the Supreme Court reached this conclusion by applying the

due-process rubric from *Mullane*, which teaches that due process requires notice that is "reasonably calculated, under all the circumstances, to apprise interested parties" and that "afford[s] a reasonable time ... to make [an] appearance." 339 U.S. at 314.

The panel acknowledged *A.A.R.P.* and complied with its mandates. *See Make the Road II*, 179 F.4th at 33-34. Applying *Mullane*, the panel concluded Appellee was unlikely to succeed on its claim that the 2025 Designation and Huffman Memorandum violate due process because the expedited-removal procedures underlying those decisional documents provide sufficient notice and an opportunity to be heard. *Id.* at 33-38. The panel explained that the Expedited Removal Order given to aliens provides them notice of the nature of the proceedings, and 8 C.F.R. §235.3(b)(2)(i) provides aliens an opportunity to respond—all that *Mullane* and *A.A.R.P.* require. *Id.* at 35. The panel correctly held that neither *Mullane* nor *A.A.R.P.* require "that the government explain how the individual might prevail." *Id.* Rather, the statute places the burden on the alien to establish affirmative defenses, including two years of continuous presence. *Id.*

The panel acknowledged the outcome may be different if the 2025 Designation or Huffman Memorandum restricted aliens' right to notice, deprived them of an opportunity to respond, instructed officers to withhold information, prohibited aliens from raising the continuous-presence defense, or otherwise limited aliens' ability to challenge removal. *See id.* at 34. But the 2025 Designation and Huffman Memorandum "are silent on these matters—and a directive's silence cannot command, authorize, or structurally ensure a constitutional violation." *Id.*

Appellee disagrees, but not because it contends that *A.A.R.P.* holds that due process requires notice of affirmative defenses to expedited removal. Pet.9-14. Instead, Appellee contends the Supreme Court *implied* that conclusion. *Id.* Appellee highlights the *A.A.R.P.* Court's explanation that in order to "actually seek habeas relief," a detainee must have "sufficient time" and "information to reasonably be able to contact counsel, file a petition, and pursue appropriate relief." Pet.10 (quoting *A.A.R.P.*, 605 U.S. at 95) (emphasis omitted). Appellee focuses entirely on the last phrase—"pursue appropriate relief"—and insists that *A.A.R.P.*'s instruction to give aliens sufficient "information" to pursue

appropriate relief requires the Government to provide aliens notice of affirmative defenses to expedited removal under the 2025 Designation. Pet.11. Although Appellee urges this Court to read *A.A.R.P.* more expansively, *id.* at 9-14, the panel appropriately interpreted *A.A.R.P.*, which requires no such thing. *Make the Road II*, 179 F.4th at 33-37. Rehearing en banc is not warranted when a party merely contends that the Supreme Court impliedly gestured in their preferred direction.

To the extent there are arguments for extending *A.A.R.P.*, Appellee made them below and the panel rejected them. *Id.* Appellee's desire to extend *A.A.R.P.* beyond its letter is not evidence that the panel's decision *conflicts* with *A.A.R.P.* Appellee's argument is only evidence that it (unsurprisingly) disagrees with the panel's decision.

The panel already explained why *A.A.R.P.* does not militate the conclusion Appellee advocates for: The *A.A.R.P.* Court "required notice of the Government's asserted authority and procedures sufficient to permit detainees to pursue habeas in a meaningful way … *not notice of every conceivable counterargument*." *Id.* at 35 (emphasis added). In short, Appellee conflates what *A.A.R.P.* requires—notice of "*how* … to

contest … removal," 605 U.S. at 95 (emphasis added)—with what it does not require—notice of what affirmative defenses are available.

The panel explained the distinction by analogizing to criminal law—"where the stakes are even higher." *Make the Road II*, 179 F.4th at 35. There, the Government must give the accused notice of the charges against him, and an opportunity to defend himself, but need not provide him with notice of his available defenses. *Id.* Appellee criticizes this analogy, Pet.11, and argues that in the criminal context, a defendant has the right to counsel and the time to investigate his possible defenses that the relevant aliens lack. *Id.* But as the panel observed, neither the 2025 Designation nor the Huffman Memorandum restrict the right of aliens to obtain counsel, or "deprive aliens of a meaningful opportunity to be heard." *Make the Road II*, 179 F.4th at 37.

Appellee also objects to the panel's conclusion that Appellee's "contrary reasoning would require immigration officers to provide what amounts to legal advice," *id.* at 35. But this disagreement too, does not support rehearing en banc. Appellee has not articulated how this point demonstrates a conflict with *A.A.R.P.* Indeed, the panel explained that even accepting Appellee's criticisms of the expedited-removal process,

Appellee failed to establish "the kind of constitutional defect identified in *A.A.R.P*," because DHS informs aliens they are being placed in expedited-removal proceedings. *Id.* at 36. After receiving notice, aliens may assert they do not belong in expedited removal, including by mounting a continuous-presence defense. *Id.*

The fact that Appellee *disagrees* with the merits panel does not warrant a grant of en banc review. Ultimately, this panel's opinion does not conflict with *A.A.R.P.*, and thus, is not a basis for this Court to rehear this case en banc.

### III. The Petition Does Not Meet The "Exceptional Importance" Standard Warranting En Banc Review.

Critically missing from Appellee's petition is any explanation of why this Court would single out this case as one deserving of the full Court's attention—that is the essence of "exceptional importance." This is especially so given Appellee's failure to acknowledge that its petition would require the en banc Court to assume answers to several antecedent questions for the en banc Court's consideration of the question presented to have any impact on the disposition of Appellee's case. *Supra* pp.6-11.

Appellee primarily asserts that this case is exceptionally important because the panel's opinion gives the Government a "free hand" to remove

inadmissible aliens under the 2025 Designation "without any notice of how they may seek relief from expedited removal." Pet.16. Appellee advanced a similar "exceptional importance" argument in an attempt to obtain en banc review in *Make the Road I*, Appellees' Pet. for Reh'g en banc at 5-8, *Make the Road, et al., v. Wolf, et al.*, No. 19-5298 (D.C. Cir. Sept. 4, 2020), and this Court denied their petition. Order, *Make the Road, et al., v. Wolf, et al.*, No. 19-5298 (D.C. Cir. Sept. 22, 2020).

As Appellee (again) argues, this case holds "exceptional importance" because the panel decision puts millions of aliens at risk of summary removal without due process. Pet.16-17. That, of course, presupposes the merits panel's due-process analysis is wrong and reduces the exceptional-importance test into a merits test. *See Bartlett ex rel. Neuman*, 824 F.2d at 1242 (Edwards, J., concurring) ("The dissent urges … *en banc* review … in these cases because they are cases of 'exceptional importance' where the panel's decision allegedly was either 'clearly wrong' or 'highly dubious.' The problem with this view … is that it reduces the 'exceptional importance' test to a self-serving and result-oriented criterion."). And still, that assumes the Due Process Clause provides additional protections to aliens who have never been admitted

to the United States, a larger constitutional question that the panel assumed for the purposes of reversing the district court here. *Supra* pp.6-11.

Appellee also highlights that this Court has exclusive jurisdiction over challenges to validity of the expedited-removal system. Pet.17. But the statutory scheme, in which Congress intentionally limited avenues for judicial review, does not transform this issue into one of "exceptional importance," otherwise every case involving expedited removal would warrant en banc review. *See Make the Road II*, 179 F.4th at 36. As the panel explained, 8 U.S.C. § 1252(e)(3) outlines a framework to challenge the validity of the expedited-removal system. *Id.* Pursuant to that provision, "[t]he object of review is the written instrument [here, the 2025 Designation and the Huffman Memorandum]—not the conduct of individual officers who may fail to comply with it. And if there is any remedy for officer-level noncompliance, it is not invalidation of the directive itself." *Id.* Moreover, Appellee overstates that this "Court of Appeals alone" can review challenges like this one, Pet.17, given that Appellee can petition the Supreme Court for a writ of certiorari if this Court denies the petition for rehearing en banc.

## IV. Appellee's Request for Vacatur and Remand Is Irrelevant to the En Banc Inquiry.

Appellee confusingly suggests that even "if the Court chooses at this time not to take the case en banc[,]" "[t]he government's extraordinary series of untimely disclosures over the course of this appeal supports vacatur." Pet.14. However, the Court cannot grant vacatur or remand the matter if it does not first grant Appellee's en banc petition: "It is well-settled that a decision of the D.C. Circuit may only be overruled by either an *en banc* panel or the Supreme Court." *Canadian Commer. Corp. v. Dep't of the Air Force*, 442 F. Supp. 2d 15, 40 n.11 (D.C. Cir. 2006). And Appellee does not argue, much less establish, that en banc review is appropriate here under the relevant standards. *See* FED. R. APP. P. 40(c). ("Rehearing en banc is not favored and ordinarily will be allowed only if one of the criteria in Rule 40(b)(2)(A)–(D) is met.").

Nor did this Court need to remand the appeal so that the district court could be the first to apply *Mullane*. Pet.16. That is because when "the injunction rests on a question of law and it is plain that the plaintiff cannot prevail[,]" this tribunal can adjudicate on the merits. *Munaf v. Geren*, 553 U.S. 674, 691 (2008).

Appellee's request for vacatur and remand is also a red herring. The subject of Appellee's request for preliminary relief, and this Court's corresponding merits opinion was cabined to the specific agency documents Appellee challenged below: the 2025 Designation and Huffman Memorandum. *Make the Road II*, 179 F.4th at 33-34. The panel did not predicate its merits holding on the documents the Government filed during this appeal, *id.* at 46 (Wilkins, J., dissenting), so there is no basis to "vacate and remand" so that the district court can be the "first" to review and opine on these documents. Pet.17. Indeed, the district court will have that opportunity, either once this case returns to the district court on the merits or in Appellee's two other lawsuits, one challenging the February 2025 ICE Guidance[1] and the other challenging revisions to Forms I-867A and B.[2]

[1] *Make the Road NY. v. Noem*, No. 1:25-cv-4455 (D.D.C.).
[2] *Coalition For Humane Immigrant Rights v. Mullin*, No. 1:26-cv-1084 (D.D.C.).

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that this Court deny Appellee's application for en banc review and issue the mandate forthwith.

Respectfully submitted,


BRETT A. SHUMATE
*Assistant Attorney General*
DREW C. ENSIGN
*Deputy Assistant Attorney General*

/s/ *Tyler J. Becker*
TYLER J. BECKER
*Counsel to the Assistant Attorney General*
U.S. Department of Justice, Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 514-2000

CAROLINE McGUIRE
*Senior Litigation Counsel*

ELISSA P. FUDIM
JOSEPH MCCARTER
*Trial Attorneys*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, DC 20044


Dated: August 17, 2026

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because:

1. This brief contains 3,862 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 27(a)(2)(B) and D.C. Circuit Rule 27(a)(2)(B).

2. The brief complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) and D.C. Circuit Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Century Schoolbook font.

/s/ *Tyler J. Becker*
Tyler J. Becker

Dated: August 17, 2026

Attorney for Appellants

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2026, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ *Tyler J. Becker*
Tyler J. Becker

Dated: August 17, 2026

Attorney for Appellants